* Motion for rehearing denied, with $25 costs, on January 18, 1949.
The judgment entered February 16, 1948, by the circuit court dismissed the action of plaintiff for review of the award of the Industrial Commission entered April 4, 1947, *Page 611 
computing compensation for injuries sustained by the applicant while in the course of her employment.
Appellant, while in the employ of Allis-Chalmers Manufacturing Company as a crane operator, fell from the crane to the concrete floor and was injured. The nature and extent of the injuries were not in dispute. The company and the employee, together with their respective attorneys, entered into a stipulation and request for award which provided that the injuries were seven and one-half per cent measured at the left elbow, sixty per cent measured at the right elbow, and twenty-five per cent of total disability due to a skull fracture and other head injuries.
The sole question raised by appellant in her petition to the circuit court for review was the accuracy of method of computation by the Industrial Commission.
Upon submission of the stipulation to the commission, its director of compensation, who acted as an examiner, computed the amount due appellant and made an order on June 27, 1945. The basis of recovery allowed was 31.875 weeks for seven and one-half per cent permanent partial disability of the left arm at the elbow, and 255 weeks for sixty per cent permanent partial disability of the right arm at the elbow. As to this portion of the computation there was no disagreement.
The statute (sec. 102.44 (3) (a), Stats.) provides that for a total permanent disability the maximum allowance should be 1,000 weeks. In arriving at the amount to be allowed appellant for the head injuries, the examiner deducted the sum of the allowances made for the injuries to the arms, that is, 286.875 from the 1,000 weeks statutory maximum, and allowed appellant twenty-five per cent of 713.125 or178.28 weeks.
It is the contention of the appellant that this was erroneous, and that under the stipulation she should have been allowed *Page 612 
250 weeks for the head injuries plus the amounts allowed for injuries to her arms.
A petition for review of the findings and order of the examiner was filed with the commission July 16, 1945. After much correspondence between the appellant and the commission a further hearing was held December 4, 1945, before an examiner who, on February 11, 1946, filed findings of fact and a conclusion that the order of June 27, 1945, awarded proper compensation.
On March 4, 1947, another hearing was held upon the consent of all parties, and on April 4, 1947, the commission as a body made an order adopting the findings and order of the examiner entered February 11, 1946, as those of the commission.
The company has appeared in none of the proceedings since filing the stipulation, except to consent to the hearing of March 4, 1947, and holds itself ready to pay whatever award is ultimately found to be proper.
On April 12, 1947, this action was commenced in the circuit court for Dane county to review the order of the commission dated April 4, 1947.
In the circuit court the attorney general contended that the commission's order dated April 4, 1947, was a nullity inasmuch as the order of the examiner made February 11, 1946, had become final under sec. 102.18 (3), Stats., because no petition for review by the commission had been filed within twenty days from the date of that order. The trial court so held and ordered judgment dismissing the appellant's complaint. Through inadvertence the attorney general offered a judgment confirming the commission's order of April 4, 1947. This judgment of the trial court was later corrected by entry nunc pro tunc of a judgment of dismissal.
Appellant here contends that because the original award of the commission was based upon a "stipulation" and not a compromise, sec. 102.16 (1), Stats., applies and she is entitled to make application for additional compensation at any time before the six-year statute of limitations bars such action.
It appears that the trial court correctly held that her application to the commission after the original order of June 27, 1945, to make a further award based upon her method of calculation was such an application for additional compensation as is contemplated by sec. 102.16 (1), Stats., and that the order of February 11, 1946, was in effect an order denying such further application, which she had the duty of having reviewed within twenty days.
The trial court's conclusion that this action was barred by failure to proceed in due time was correct.
By the Court. — Judgment affirmed.
BROADFOOT, J., took no part.